UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIMBERLY D. CARROLL,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | )<br>) | 1:10-cv-582-JMS-TAB |
| MICHAEL J. ASTRUE, Commissioner of the<br>Social Security Administration,<br>    *Defendant*. | )<br>)<br>)<br>) | |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Kimberly Carroll filed an application for Disability Insurance Benefits on July 13, 2007, alleging disability since January 31, 2004. [Dkt. 18-2 at 14; R. 13.] Defendant Michael J. Astrue, the Commissioner of the Social Security Administration (the "Commissioner"), denied her application both initially and after reconsideration. [Dkt. 18-2 at 2-5; R. 1-4.] An Administrative Law Judge ("ALJ") held a hearing in September 2009, and issued a decision in November 2009, finding that Ms. Carroll was "disabled" within the meaning of the Social Security Act from June 22, 2004, through September 16, 2006, but not disabled after September 16, 2006. [Dkt. 18-2 at 14; R. 13.] Ms. Carroll filed this action under 42 U.S.C. § 405(g), asking the Court to review the partial denial of her request for benefits. The issue before the Court is whether the ALJ properly considered all the evidence relating to Ms. Carroll's disability; specifically, whether the ALJ properly considered the Functional Capacity Exam ("FCE") introduced by Ms. Carroll on August 24, 2009, approximately two weeks before the hearing on September 9, 2009.

### BACKGROUND

Ms. Carroll was born on June 2, 1961, [dkt. 25 at 3], and was 46 at the time of her application for benefits. She has a high school education and is able to communicate in English. [*Id.*] She is also an honorably discharged veteran of the United States Army, discharged from service

for medical reasons.  [*Id.*]  Ms. Carroll claims that she is entitled to disability benefits due to pancreatitis complications, nerve damage, and depression.  [Dkt. 18-2 at 18; R. 17.]  Ms. Carroll was treated for pancreatitis several times between June 2004 and September 2006, but has since managed the condition with medication.  [*Id.*]  Ms. Carroll also has a long medical history associated with a fracture in her right arm stemming from an accident that occurred in 2001.  [*Id.*]  Lastly, Ms. Carroll has a history of treatment for depression, which is managed through medication.  [*Id.*]

The ALJ found that Ms. Carroll was disabled as a result of her right arm injury from June 22, 2004, through September 16, 2006, but concluded that her disability ended on September 16, 2006.  [Dkt. 18-2 at 14; R. 13.]  The ALJ based his decision on the medical evidence of record and on the testimony of Ms. Carroll, Dr. Paul Boyce (the medical expert), and Ray Burger (the vocational expert).  [Dkt. 18-2.]

During the hearing before the ALJ on September 9, 2009, Ms. Carroll asked Dr. Boyce about the FCE performed by the Veterans Administration.  [Dkt. 18-2 at 79; R. 78.]  Dr. Boyce admitted that he had not seen the FCE, which had been submitted into evidence approximately two weeks prior to the hearing.  [Dkt. 18-2 at 79-82; R. 78-81.]  The ALJ also admitted that he had not reviewed the FCE prior to the hearing.  [Dkt. 18-2 at 81; R. 80.]  At the close of the hearing, the ALJ stated that he would review the FCE and perhaps send interrogatories to Dr. Boyce regarding its contents.  [Dkt. 18-2 at 87; R. 86.]

The ALJ sent 236 pages of new exhibits, including the FCE, to Dr. Boyce on September 17, 2009.  In his letter, the ALJ asked Dr. Boyce to inform him whether the documents would cause Dr. Boyce to change his prior testimony at the hearing.  [Dkt. 19-10 at 106; R. 2542.]  Dr. Boyce reviewed the new exhibits and highlighted the inconsistencies that he found between the

FCE and the other medical evidence of record. [Dkt. 19-10 at 109; R. 2545.] Dr. Boyce concluded that there was no objective evidence to support the FCE's assessment that Ms. Carroll was able to bend only to the knees. [*Id.*] He also concluded that Ms. Carroll's grip strength did not support the FCE's lifting restrictions. [*Id.*] Based on Dr. Boyce's review of the new evidence, he informed the ALJ that he would not alter his recommendation. [*Id.*] The ALJ thereafter issued his opinion, which is based in part on Dr. Boyce's conclusions regarding the new evidence, including the FCE.

## STANDARD OF REVIEW

The Court's role in this action is limited to ensuring that "the ALJ applied the correct legal standard, and [that] substantial evidence supports the decision." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Furthermore, "[a]n ALJ must articulate, at least minimally, his analysis of the evidence so that . . . [a] court can follow his reasoning." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004). The Seventh Circuit does "not require the ALJ to discuss every piece of evidence, but only to articulate his rationale sufficiently to allow meaningful review." *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (reversed on other grounds by *Pope v. Shalala*, 998 F.2d 473 (7th Cir. 1993)).

Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), the Court must afford the ALJ's credibility determinations "considerable deference," overturning them only if they are "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted). If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. Otherwise the Court must generally remand the matter back to the

Social Security Administration for further consideration; only in rare cases can the Court actually order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

To evaluate a disability claim, an ALJ must use the following five-step inquiry:

> (1) [is] the claimant … currently employed, (2) [does] the claimant ha[ve] a severe impairment, (3) [is] the claimant's impairment … one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, … can she perform her past relevant work, and (5) is the claimant … capable of performing any work in the national economy[?]

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citations omitted). After Step Three, but before Step Four, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which represents the claimant's physical and mental abilities considering all of the claimant's impairments. The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e).

## DISCUSSION

Ms. Carroll's brief raises the issue of whether she received a fair trial before the ALJ. [Dkt. 25 at 2.] Within that issue, however, Ms. Carroll raises several sub-issues including whether the medical expert considered the FCE in making his medical conclusions and whether the ALJ considered the FCE in his decision to deny her benefits after September 16, 2006. [Dkt. 25 at 2.] Her brief alleges that the ALJ failed to include the FCE in the list of exhibits he considered, failed to appreciate that the experts had not reviewed the FCE, and failed to state in his written opinion his reasons for rejecting the medical conclusions of the FCE. [*Id.*]

Ms. Carroll's allegations are unsupported by the evidence. Ms. Carroll submitted over 200 pages of new evidence, including the FCE, on August 24, 2009. [Dkt. 18-2 at 81; R. 80.] The medical reports included in this package are marked as Exhibits 24F and 26F in the adminis-

trative record. [Dkt. 19-9 at 59-151; R. 2340-2432; Dkt. 19-10 at 2-105; R. 2438-2541.] The FCE comprises the last few pages of Exhibit 26F. [Dkt. 19-10 at 101-05; R. 2537-2541.] Therefore, the allegation that the ALJ failed to include the FCE in the list of exhibits he considered cannot be maintained.

The ALJ acknowledged that the testimony provided by the medical expert, Dr. Boyce, was based on incomplete information because he had not reviewed the FCE and the additional medical records submitted by Ms. Carroll a few weeks prior to the hearing. [Dkt. 18-2 at 87; R. 86.] To remedy this, the ALJ submitted the new medical records and the FCE to Dr. Boyce for his consideration. [Dkt. 19-10 at 106; R. 2542.] Dr. Boyce reviewed the new medical records and the FCE, but expressly concluded that they did not alter his prior recommendation that Ms. Carroll was capable of performing light work. [Dkt. 19-10 at 109; R. 2545.] The vocational expert was asked a hypothetical during the hearing that was based on the results of the FCE. [Dkt. 18-2 at 85-86; R. 84-85.] Therefore, the allegation that the decision of the ALJ is not based on substantial evidence because the experts failed to consider the FCE when reaching their respective opinions cannot be maintained.

Moreover, the ALJ referred directly to the FCE in his opinion when he observed that Ms. Carroll's primary care physician, Dr. Vu, appeared to base his opinion that Ms. Carroll is only capable of working while seated on information found in the FCE. [Dkt. 18-2 at 21; R. 20.] The ALJ also referred to Dr. Boyce's conclusions regarding the FCE. [*Id.*; Dkt. 18-2 at 23-25; R. 22-24.] Therefore, the allegation that the ALJ failed to consider the FCE in reaching his decision is contradicted by the record. Because Ms. Carroll does not raise any other issues with respect to the ALJ's decision, the decision below is affirmed.

## CONCLUSION

The evidence indicates that the FCE was considered by the experts and the ALJ in his final decision. Therefore, the Court finds no legal basis to overturn the Commissioner's decision that Ms. Carroll does not qualify for disability benefits after September 16, 2006. Therefore, the decision below is **AFFIRMED**. Final judgment will be entered accordingly.

04/08/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

David Porter Murphy
dpmurphy504@aol.com